IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| AHAYAUNA JACKSON, as the Personal Representative of the Estate of ALPHA O. JACKSON deceased, and on behalf of the survivors of ALPHA O. JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> OYO HOTELS, INC., and JAI SITARAM, LLC, <br><br> Defendants. | Civil Action File No.: _____ <br><br> *[Removed from Lowndes County Superior Court]* |

## NOTICE OF REMOVAL

**OYO HOTELS, INC.** ("OYO") is named as a Defendant in the above-captioned case in which Plaintiff seeks damages against OYO. The Complaint, captioned *Ahyauna Jackson, as the Personal Representative of the Estate of Alpha O. Jackson deceased, and on behalf of the survivors of Alpha O. Jackson, v. OYO Hotels, Inc. and Jai Sitaram, LLC,* was filed in the Superior Court of Lowndes County, Georgia. Defendant hereby files this Notice of Removal of this action to this Court. In support of said removal, OYO states as follows:

1.

The original petition for damages in this case was filed in the Superior Court of Lowndes County, Georgia with case number 2022-cv-0624 on April 28, 2022, by Ahyauna Jackson against OYO. *See* Exhibit 1 (Complaint, as well as all process, pleadings, and orders served upon Oyo).

2.

OYO was served with Plaintiff's Complaint on May 5, 2022, through its agent for service of process.

3.

This removal is being sought within thirty (30) days of the Complaint and Summons being served upon OYO as required by 28 U.S.C. § 1446(b)(1).

4.

Plaintiff's action is a civil action in which Plaintiff seeks to recover from Defendants for compensatory and punitive damages.  Plaintiff alleges in her Complaint that Alpha O. Jackson was killed by a third party while on Defendants' hotel premises. *See* Ex. 1 at ¶¶18, 33. Plaintiff alleges that OYO failed to provide adequate security, warn, and protect invitees on the hotel premises. *See id*. at ¶25.

5.

This civil action against OYO is one in which the District Courts of the United States have original jurisdiction because the citizenship of the parties is completely diverse and because the amount in controversy exceeds the amount of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, pursuant to 28 U.S.C.A. § 1332.

6.

Plaintiff Ahyuana Jackson is a citizen and resident of Madison County, FL. *See* Ex. 1 at ¶5. At the time of Decedent's death, he was also a resident of Madison County, FL. *See id*. at ¶6.

7.

Defendant OYO is a Delaware corporation that was originally formed as a limited liability company in November 2018, and was converted into a corporation in May 2019. OYO maintains a principal place of business in Dallas, Texas. OYO is the only Defendant that has been served in this matter. *See* 28 U.S.C.A. § 1441 ("(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in

interest **properly joined and served as defendants** is a citizen of the State in which such action is brought."); *see also* Exhibit 2 (Copy of the electronic state court docket as of May 27, 2022).

8.

Plaintiff's Complaint is silent on the amount in controversy alleged, however, the reality is the amount in controversy exceeds $75,000. This is a wrongful death claim with damages being sought for "minors' loss of support and services," "minors' future loss of support and services," "minors' loss of parental companionship, instruction, and guidance," "minors' past and future mental pain and suffering," "expenses for funeral arrangements and medical care," "lost earnings of the decedent in the past from the date of his death," "lost earnings and earning capacity in the future," and a claim for punitive damages. Ex. 1 at ¶31. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065 (11th Cir. 2010) (upholding district court's order that the value of the plaintiff's claims, when "analyzed with judicial experience and common sense," likely exceeded $75,000 threshold in wrongful death case with punitive damages claim); *Dixon v. Whatley Oil & Auto Parts Co.*, No. 4:18-CV-141 (CDL), 2019 WL 169687, at *2 (M.D. Ga. Jan. 11, 2019) (noting the court may make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings and other evidence to determine whether the amount in controversy is met.").

9.

Upon the filing of this Notice of Removal, written notice thereof is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the State Court to effect the removal of this matter, as provided by law.

10.

This cause is specifically removable to this Honorable Court pursuant to law, particularly the provisions of 28 U.S.C § 1332 and 28 U.S.C. § 1441, et seq.

11.

OYO reserves all rights to object to the jurisdiction of the State Court proceeding should this Court ultimately hold that this action was not removable or was improperly removed thereto, and reserves all other available defenses.

WHEREFORE, Defendant OYO, prays that the aforesaid civil action be removed from the Superior Court of Lowndes County, Georgia into this Honorable Court, the United States District Court for the Middle District of Georgia, for trial and determination as provided by law, and to thereupon proceed with said civil action as though originally commenced in this Court and for all orders and decrees that may be necessary or appropriate.

Respectfully submitted this 27th day of May 2022.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: */s/ Joseph J. Angersola*
Joseph J. Angersola
Georgia Bar No. 890572
Rachel Mathews
Georgia Bar No. 537964
*Attorneys for Defendant Oyo Hotels, Inc.*

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309-3238
404-874-8800(ph)
404-888-6199 (fax)
joseph.angersola@swiftcurrie.com
rachel.mathews@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the attached **NOTICE OF REMOVAL** on all counsel of record via electronic service:

>Louis J. Baptiste
>WEBSTER+BAPTISTE
>ATTORNEYS AT LAW, PLLC
>1785 Thomasville Road
>Tallahassee, FL 32303
>lb@websterandbaptiste.com
>jw@websterandbaptiste.com
>*Counsel for Plaintiff*

This 27th day of May 2022.

>**SWIFT, CURRIE, McGHEE & HIERS, LLP**
>
>By: */s/ Joseph J. Angersola*
>Joseph J. Angersola
>Georgia Bar No. 890572
>Rachel Mathews
>Georgia Bar No. 537964
>*Attorneys for Defendant Oyo Hotels, Inc.*

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309-3238
404-874-8800(ph)
404-888-6199 (fax)
joseph.angersola@swiftcurrie.com
rachel.mathews@swiftcurrie.com

4859-3007-2866, v. 1