# EXHIBIT 1

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0624
4/28/2022 4:52 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

## IN THE SUPERIOR COURT OF LOWNDES COUNTY
## IN AND FOR THE STATE OF GEORGIA

AHYAUNA JACKSON, as the Personal
Representative of the Estate of ALPHA O.
JACKSON deceased, and on behalf of the
survivors of ALPHA O. JACKSON,

     Plaintiff,

vs.                                               CASE NO.: 2022CV0624

OYO HOTELS, INC., and JAI SITARAM, LLC,

     Defendants.

_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, AHYAUNA JACKSON, as Personal Representative of the Estate of ALPHA O. JACKSON deceased, and on behalf of the survivors of ALPHA O. JACKSON, hereby sues Defendants, OYO HOTELS, INC., and JAI SITARAM, LLC.

1. This is wrongful death action for damages pursuant to Georgia Code 51-4-1 (2021).

2. Plaintiff, AHYAUNA JACKSON, is  Personal Representative of the Estate of ALPHA O. JACKSON and is the proper party to bring this action on behalf of the Estate of ALPHA O. JACKSON and his lawful survivors.

3. At all times material hereto, ALPHA O. JACKSON was the natural parent of Kei'Shaun Jackson, born on January 6, 1999, AHYAUNA JACKSON, born on December 20, 2001, and Naima Jackson, born on October 1, 2007, and any additional survivors unknown at this time.

4. Plaintiff, AHYAUNA JACKSON, is the natural daughter of the decedent, ALPHA O. JACKSON.

5. Plaintiff, AHYAUNA JACKSON, resides in Madison County, FL.

6. At the time of his death, ALPHA O. JACKSON, was living in Madison County, FL.

7. At all material times, Defendant, OYO HOTELS, INC., was a Georgia Corporation with a principal address for its customary business in Lake Park, GA.

8. At all material times, upon information and belief, Defendant, OYO HOTELS, INC., owned and operated, managed, maintained, or controlled the hotel located at 1075 Lakes Boulevard, Lake Park, GA 31636.

9. At all material times, Defendant, JAI SITARAM, LLC, was a Georgia limited liability company with the principal address for its customary business in Lake Park, GA.

10. At all material times, upon information and belief, Defendant, JAI SITARAM, LLC, owned and operated, managed, maintained, or controlled the hotel located at 1075 Lakes Boulevard, Lake Park, GA 31636.

11. Venue is proper in Lowndes County because the incident that gives rise to this Complaint and the Defendants are located in Lowndes County, Georgia.

12. On or about October 28, 2021, decedent, ALPHA O. JACKSON, was brutally gunned down and murdered by a third party while lawfully on the premises located at 1075 Lakes Boulevard, Lake Park, GA 31636.

13. At the time of the subject incident, decedent, ALPHA O. JACKSON, was an invitee of Oyo Hotel.

14. At all relevant times, ALPHA O. JACKSON was unarmed and did not cause or provoke the shooting.

15. At all relevant times, ALPHA O. JACKSON was without knowledge that he was in danger.

16. At all relevant times, ALPHA O.  JACKSON exercised reasonable care for his own safety.

## COUNT I – NEGLIGENCE CLAIM AGAINST
## DEFENDANT OYO HOTELS, INC.

17. Plaintiff re-alleges and reaffirms each allegation contained in paragraphs 1-16 of this Complaint as though fully alleged herein and further alleges:

18. At all times, Defendant, OYO HOTELS, INC., itself and through its agents and employees, owed a non-delegable duty to its tenants, invitees, and public to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for use by its tenants, invitees, and the public under *O.C.G.A. § 51-3-1*. In particular, Defendant, OYO HOTELS, INC., had a duty to keep their premises in a safe condition, and to prevent harm to its invitees, including ALPHA O. JACKSON, in the scope of ordinary care from foreseeable criminal acts of third parties, which should have put an ordinary and prudent person on notice of increased risk of harm.

19. At all material times, Defendant, OYO HOTELS, INC., through its agents and employees, knew or in the exercise of reasonable care should have known, that their premises and areas adjacent were in a high crime area, and that there had been numerous criminal acts and attacks perpetrated on the public in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on Defendant's tenants, invitees,

3

and the public unless Defendant, OYO HOTELS, INC., took steps to provide proper security for such individuals.

20. At all times material hereto, ALPHA O. JACKSON was an invitee of the premises, and as such, was owed the duty of ordinary care to maintain the property in a reasonably safe condition to be protected against foreseeable criminal acts of third parties, that would have put an ordinarily prudent property owner on notice.

21. Defendant, through its agents and employees, knew or in the exercise of reasonable care should have known, that no individual, including ALPHA O. JACKSON, had it within their power to take the measures necessary to provide for their own security on the premises.

22. Defendant negligently failed to adequately check visitors of the hotel prior to entering the property, failed to properly train their employees for the prevention of violent criminal acts in and around the property, failed to prevent unauthorized entry to the premises, failed to provide adequate surveillance in and around the premises, and failed to provide adequate security in and around the premises which created an unreasonable risk of injury to their invitees, including ALPHA O. JACKSON.

23. At all material times, Defendant, OYO HOTELS, INC., through its agents and employees, knew or in the exercise of reasonable care should have known, that prior to October 28, 2021, numerous violent acts, including, but not limited to, shootings, aggravated assault, burglaries, rapes, and robberies had occurred on its premises and the areas adjacent thereto.

24. Considering the forgoing, at all material times, the criminal attack and murder of the decedent, ALPHA O. JACKSON, was reasonably foreseeable, and Defendant, OYO

HOTELS, INC., was in a superior position to appreciate such hazards and take necessary steps to prevent harm to its tenants, invitees, and the public.

25. At the above-referenced time and place, Defendant, OYO HOTELS, INC., by and through its agents and employees, breached its duty to exercise reasonable care for the safety and protection of its tenants, invitees, and the public, including the decedent, ALPHA O. JACKSON, and acted in a careless and negligent manner through the following acts of omission or commission:

    a. Failing to provide adequate security for its tenants, invitees, and the public, including ALPHA O. JACKSON;

    b. Failing to warn its tenants, invitees, and the public of the nature and character of its premises when it knew, or in the exercise of reasonable care should have known, that numerous criminal incidents of a similar nature to the one herein (i.e., crimes against persons) had occurred on Defendant's premises and areas adjacent thereto prior to the subject incident;

    c. Failing to warn, protect, guard, and secure the safety of its invitees and the public;

    d. Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its invitees and the public, when Defendant knew, or should have known, of foreseeable criminal acts on the premises;

    e. Failing to hire and/or retain any private security personnel and/or off duty police officers to patrol and/or monitor the premises, thereby protecting its invitees and the public, including ALPHA O. JACKSON;

    f. Failing to have sufficient number of guards in visible areas to deter crime, thereby protecting its tenants, invitees, and the public;

g.  Failing to have an adequate number of security guards to protect its tenants, invitees, and the public;

h.  Failing to hire or retain competent security guards to protects its tenants, invitees, and the public;

i.  Failing to properly train security guards to be reasonably skillful, competent, or qualified to exercise appropriate and proper security measures so that they could protect its tenants, invitees, and the public;

j.  Failing to provide proper and sufficient lighting for the premises;

k.  Failing to have surveillance cameras throughout the premises;

l.  Failing to have an adequate number of surveillance cameras at the premises and surrounding areas, including, but not limited to, the areas of the premises where the subject incident occurred;

m.  Failing to position surveillance cameras in appropriate locations such that the premises and surrounding areas where the subject incident occurred were monitored or said cameras would act as a deterrent against criminal activity;

n.  Failing to have or maintain surveillance cameras in working condition such that every camera was able to monitor and record activity in its line of view;

o.  Failing to implement adequate security policies, security measures, and security procedures necessary to protect its tenants, invitees, and the public;

p.  Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

q.  Failing to adequately provide an overall security plan that would meet the known industry standards and customs for safety in the community;

r.  Failing to provide a reasonably safe structural layout of the property upon leasing said property;

s.  Failing to implement or upkeep sufficient physical access barriers or impediments such as gates, doors, and fences in and around the property;

t.  Failing to reasonably screen other tenants and their guests who posed a foreseeable risk of harm to other tenants or invitees and failing to warn of dangers such persons presented;

u.  The preceding paragraphs "a." through "t.", individually, or as a whole, represent strict deviations from the existing standard of care with regard to security as recognized by similar businesses and properties in the community; and

v.  Additional acts of negligence not yet discovered.

26. Defendant, OYO HOTELS, INC., through its agents and employees, negligently failed to have any procedures governing the inspection, supervision, or security of the area where the subject incident occurred; or, in the alternative, Defendant did in fact have the procedures governing the inspection, supervision, and security of the area where the subject incident occurred but implemented said procedures in a careless and negligent manner.

27. At all material times, Defendant, OYO HOTELS, INC., through its agents and employees, negligently failed to hire persons, employees, or agents reasonably suited for providing, implementing, and maintaining proper security measures to ensure the safety of its tenants, invitees, and the public.

28. Defendant, OYO HOTELS, INC., through its agents, servants, and employees, created or allowed to be created, said dangerous conditions on the subject premises. Further,

Defendant failed to warn its tenants, invitees, and the public, including, but not limited to, the decedent, ALPHA O. JACKSON, of the existence of said conditions; or, in the alternative, did allow said conditions to exist for a length of time which a reasonable inspection would have disclosed the same.

29. The negligence of Defendant, OYO HOTELS, INC., proximately caused injury to the decedent, ALPHA O. JACKSON, and directly led to his criminal attack in that:

   a. There were inadequate or nonexistent visible deterrents to prevent the criminal assault;

   b. There were inadequate or nonexistent physical deterrents to prevent said criminal assault;

   c. Criminals could carry out physical assaults on Defendant's premises without fear of being caught, discovered, or prosecuted; and

   d. An atmosphere was created at Defendant's premises, which facilitated the commission of crimes against persons.

30. As a direct and proximate result of the Defendant, OYO HOTELS, INC.'s negligence the decedent, ALPHA O. JACKSON, suffered great bodily harm on October 28, 2021, from a brutal assault on the above referenced premises, which caused his death.

31. The Estate of ALPHA O. JACKSON and the decedent survivors have suffered and will continue to suffer damages in the future. As a result, the Plaintiff, AHYAUNA JACKSON, entitled to appointment as the Personal Representative of the Estate of ALPHA O. JACKSON, is entitled to compensatory damages from Defendant, which are allowed under Georgia Code 51-4-1 (2021), and include the following:

a. The minors' loss of support and services from the date of father's death, with interest;

b. The minor's future loss of support and services from the date of father's death;

c. The minors' loss of parental companionship, instruction, and guidance;

d. The minors' past and future mental pain and suffering from the date of father's death;

e. The Estate's expenses for funeral arrangements and medical care arising out of this incident;

f. The Estate's lost earnings of the decedent in the past from the date of his death, with interest;

g. The Estate's lost earnings and earning capacity into the future; and

h. Any and all other damages that the applicable law allows.

## COUNT II – NEGLIGENCE CLAIM AGAINST DEFENDANT JAI SITARAM, LLC

32. Plaintiff re-alleges and reaffirms each allegation contained in paragraphs 1-16 of this Compliant as though fully alleged herein and further alleges:

33. At all times, Defendant, JAI SITARAM, LLC, itself and through its agents and employees, owed a non-delegable duty to its tenants, invitees, and public to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for use by its tenants, invitees, and the public under *O.C.G.A. § 51-3-1*. In particular, Defendant, JAI SITARAM, LLC, had a duty to keep their premises in a safe condition, and to prevent harm to its invitees, including ALPHA O. JACKSON, in the scope of ordinary care from foreseeable criminal acts of third parties, which should have put an ordinary and prudent person on notice of increased risk of harm.

34. At all material times, Defendant, JAI SITARAM, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known, that their premises and areas adjacent were in a <u>high crime</u> area, and that there had been numerous criminal acts and attacks perpetrated on the public in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on Defendant's tenants, invitees, and the public unless Defendant, JAI SITARAM, LLC, took steps to provide proper security for such individuals.

35. At all times material hereto, ALPHA O. JACKSON was an invitee of the premises, and as such, was owed the duty of ordinary care to maintain the property in a reasonably safe condition to be protected against foreseeable criminal acts of third parties, that would have put an ordinarily prudent property owner on notice.

36. Defendant, through its agents and employees, knew or in the exercise of reasonable care should have known that no individual, including ALPHA O. JACKSON, had it within their power to take the measures necessary to provide for his own security on the premises.

37. Defendant negligently failed to adequately check visitors of the hotel prior to entering the property, failed to properly train their employees for the prevention of violent criminal acts in and around the property, failed to prevent unauthorized entry to the premises, failed to provide adequate surveillance in and around the premises, and failed to provide adequate security in and around the premises which created an unreasonable risk of injury to their invitees, including ALPHA O. JACKSON.

38. At all material times, Defendant, JAI SITARAM, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known, that prior to

October 28, 2021, numerous violent acts, including, but not limited to, shootings, aggravated assault, burglaries, rapes, and robberies, had occurred on its premises and the areas adjacent thereto.

39. Considering the forgoing, at all material times, the criminal attack and murder of the decedent, ALPHA O. JACKSON, was reasonably foreseeable, and Defendant, JAI SITARAM, LLC, was in a superior position to appreciate such hazards and take necessary steps to prevent harm to its tenants, invitees, and the public.

40. At the above-referenced time and place, Defendant, JAI SITARAM, LLC, by and through its agents and employees, breached its duty to exercise reasonable care for the safety and protection of its tenants, invitees, and the public, including the decedent, ALPHA O. JACKSON, and acted in a careless and negligent manner through the following acts of omission or commission:

   a.  Failing to provide adequate security for its tenants, invitees, and the public, including ALPHA O. JACKSON;

   b.  Failing to warn its tenants, invitees, and the public of the nature and character of its premises when it knew, or in the exercise of reasonable care should have known, that numerous criminal incidents of a similar nature to the one herein (i.e., crimes against persons) had occurred on Defendant's premises and areas adjacent thereto prior to the subject incident;

   c.  Failing to warn, protect, guard, and secure the safety of its invitees and the public;

   d.  Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its invitees and the public, when Defendant knew, or should have known, of foreseeable criminal acts on the premises;

e.   Failing to hire and/or retain any private security personnel and/or off duty police officers to patrol and/or monitor the premises, thereby protecting its invitees and the public, including ALPHA O. JACKSON;

f.   Failing to have sufficient number of guards in visible areas to deter crime, thereby protecting its tenants, invitees, and the public;

g.   Failing to have adequate number of security guards to protect its tenants, invitees, and the public;

h.   Failing to hire or retain competent security guards to protects its tenants, invitees, and the public;

i.   Failing to properly train security guards to be reasonably skillful, competent, or qualified to exercise appropriate and proper security measures so that they could protect its tenants, invitees, and the public;

j.   Failing to provide proper and sufficient lighting for the premises;

k.   Failing to have surveillance cameras throughout the premises;

l.   Failing to have an adequate number of surveillance cameras at the premises and surrounding areas, including, but not limited to, the areas of the premises where the subject incident occurred;

m.   Failing to position surveillance cameras in appropriate locations such that the premises and surrounding areas where the subject incident occurred were monitored or said cameras would act as a deterrent against criminal activity;

n.   Failing to have or maintain surveillance cameras in working condition such that every camera was able to monitor and record activity in its line of view;

o.  Failing to implement adequate security policies, security measures, and security procedures necessary to protect its tenants, invitees, and the public;

p.  Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

q.  Failing to adequately provide an overall security plan that would meet the known industry standards and customs for safety in the community;

r.  Failing to provide a reasonably safe structural layout of the property upon leasing said property;

s.  Failing to implement or upkeep sufficient physical access barriers or impediments such as gates, doors, and fences in and around the property;

t.  Failing to reasonably screen other tenants and their guests who posed a foreseeable risk of harm to other tenants or invitees and failing to warn of dangers such persons presented;

u.  The preceding paragraphs "a." through "t.", individually, or as a whole, represent strict deviations from the existing standard of care with regard to security as recognized by similar businesses and properties in the community; and

v.  Additional acts of negligence not yet discovered.

41. Defendant, JAI SITARAM, LLC, through its agents and employees, negligently failed to have any procedures governing the inspection, supervision, or security of the area where the subject incident occurred; or, in the alternative, Defendant did in fact have the procedures governing the inspection, supervision, and security of the area where the subject incident occurred but implemented said procedures in a careless and negligent manner.

42. At all material times, Defendant, JAI SITARAM, LLC, through its agents and employees, negligently failed to hire persons, employees, or agents reasonably suited for providing, implementing, and maintaining proper security measures to ensure the safety of its tenants, invitees, and the public.

43. Defendant, JAI SITARAM, LLC, through its agents, servants, and employees, created or allowed to be created, said dangerous conditions on the subject premises. Further, Defendant failed to warn its tenants, invitees, and the public, including, but not limited to, the decedent, ALPHA O. JACKSON, of the existence of said conditions; or, in the alternative, did allow said conditions to exist for a length of time which a reasonable inspection would have disclosed the same.

44. The negligence of Defendant, JAI SITARAM, LLC, proximately caused injury to the decedent, ALPHA O. JACKSON, and directly led to his criminal attack in that:

    a. There were inadequate or nonexistent visible deterrents to prevent the criminal assault;

    b. There were inadequate or nonexistent physical deterrents to prevent said criminal assault;

    c. Criminals could carry out physical assaults on Defendant's premises without fear of being caught, discovered, or prosecuted; and

    d. An atmosphere was created at Defendant's premises, which facilitated the commission of crimes against persons.

45. As a direct and proximate result of the Defendant, JAI SITARAM, LLC's negligence the decedent, ALPHA O. JACKSON, suffered great bodily harm on October 28, 2021, from a brutal assault on the above referenced premises, which caused his death.

46. The Estate of ALPHA O. JACKSON and the Decedent survivors have suffered and will continue to suffer damages in the future. As a result, the Plaintiff, AHYAUNA JACKSON, entitled to appointment as the Personal Representative of the Estate of ALPHA O. JACKSON is entitled to compensatory damages from Defendant, which are allowed under Georgia Code 51-4-1 (2021), and include the following:

   a. The minors' loss of support and services from the date of father's death, with interest;

   b. The minor's future loss of support and services from the date of father's death;

   c. The minors' loss of parental companionship, instruction, and guidance;

   d. The minors' past and future mental pain and suffering from the date of father's death;

   e. The Estate's expenses for funeral arrangements and medical care arising out of this incident;

   f. The Estate's lost earnings of the decedent in the past from the date of his death, with interest;

   g. The Estate's lost earnings and earning capacity into the future; and

   h. Any and all other damages that the applicable law allows.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, AHYAUNA JACKSON, entitled to appointment as Personal Representative of the Estate of ALPHA O. JACKSON, deceased, and on behalf of the survivors of ALPHA O. JACKSON, respectfully prays and demands as follows:

1. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

2.  That service be had upon Defendants as provided by law;

3.  That the Court award and enter a judgment in favor of Plaintiff and against Defendants

   for the full value of ALPHA O. JACKSON's life;

4.  That Plaintiff be awarded punitive damages in an amount to be determined by the

   enlightened conscience of an impartial jury;

5.  That Plaintiff be entitled to a trial by a jury as to all issues; and

6.  That Plaintiff be granted any and all other such and further relief as the Court may deem

   just and proper.

   DATED this 28th day of April, 2022.

<div style="margin-left:40%">

Respectfully submitted,


/s/ LOUIS J. BAPTISTE
LOUIS J. BAPTISTE, ESQUIRE
Georgia Bar No. 408286
Primary E-mail: lb@websterandbaptiste.com
Secondary E-mail: jw@websterandbaptiste.com
WEBSTER + BAPTISTE
  ATTORNEYS AT LAW, PLLC
1785 Thomasville Road
Tallahassee, FL  32303
T: (850) 597-7142
F: (850) 848-4655
ATTORNEY FOR PLAINTIFF

</div>

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0624
4/28/2022 4:52 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

IN THE SUPERIOR COURT OF LOWNDES COUNTY
IN AND FOR THE STATE OF GEORGIA

AHYAUNA JACKSON, as the Personal
Representative of the Estate of ALPHA O.
JACKSON deceased, and on behalf of the
survivors of ALPHA O. JACKSON,

     Plaintiff,

vs.                                                          CASE NO.: 2022CV0624

OYO HOTELS, INC., and JAI SITARAM, LLC,

     Defendants.

_____/

## SUMMONS

THE STATE OF GEORGIA

TO EACH SHERIFF OF THE STATE:

You are commanded to serve this Summons and a copy of Plaintiff's Complaint and Demand for Jury Trial in this lawsuit on the below-named Defendant.

OYO HOTELS INC.
CT CORPORATION SYSTEM
289 SOUTH CULVER STREET
LAWRENCEVILLE, GEORGIA 30046-4805

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of the Superior Court, located at Lowndes County Superior Court, 327 North Ashley Street, 1st Floor, Valdosta GA 31601. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.

If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at:  Louis J. Baptiste, Esquire, Webster + Baptiste Attorneys at Law, PLLC, 1785 Thomasville Road, Tallahassee, FL 32303.

Copies of all court documents in this case, including orders, are available at the Clerk of the Superior Court's office.  You may review these documents, upon request.  You must keep the Clerk of the Superior Court's office notified of your current address.   Future papers in this lawsuit will be mailed to the address on record at the Clerk's office.

DATED this __29th__ day of April 2022.

BETH GREENE
CLERK OF THE SUPERIOR COURT

By: __/s/ Michael Hebert__

Deputy Clerk

2

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0624
4/28/2022 4:52 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

## IN THE SUPERIOR COURT OF LOWNDES COUNTY
## IN AND FOR THE STATE OF GEORGIA

AHYAUNA JACKSON, as the Personal
Representative of the Estate of ALPHA O.
JACKSON deceased, and on behalf of the
survivors of ALPHA O. JACKSON,

     Plaintiff,

vs.

    CASE NO.: 2022CV0624

OYO HOTELS, INC., and JAI SITARAM, LLC,

     Defendants.

_____/

### **SUMMONS**

THE STATE OF GEORGIA

TO EACH SHERIFF OF THE STATE:

You are commanded to serve this Summons and a copy of Plaintiff's Complaint and Demand for Jury Trial in this lawsuit on the below-named Defendant.

    JAI SITARAM, LLC
    DHARMESH PATEL
    1075 LAKE PARK BOULEVARD
    LAKE PARK, GA  31636

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of the Superior Court, located at Lowndes County Superior Court, 327 North Ashley Street, 1st Floor, Valdosta GA 31601.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.

If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at:  Louis J. Baptiste, Esquire, Webster + Baptiste Attorneys at Law, PLLC, 1785 Thomasville Road, Tallahassee, FL 32303.

Copies of all court documents in this case, including orders, are available at the Clerk of the Superior Court's office.  You may review these documents, upon request.  You must keep the Clerk of the Superior Court's office notified of your current address.   Future papers in this lawsuit will be mailed to the address on record at the Clerk's office.

DATED this __29th___ day of April 2022.

BETH GREENE
CLERK OF THE SUPERIOR COURT

By: _/s/ Michael Hebert_____

Deputy Clerk

2

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0624
4/28/2022 4:52 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

IN THE SUPERIOR COURT OF LOWNDES COUNTY
IN AND FOR THE STATE OF GEORGIA

AHYAUNA JACKSON, as the Personal
Representative of the Estate of ALPHA O.
JACKSON deceased, and on behalf of the
survivors of ALPHA O. JACKSON,

     Plaintiff,

vs.                                 CASE NO.: 2022CV0624

OYO HOTELS, INC., and JAI SITARAM, LLC,

     Defendants.

_____/

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT,**
**OYO HOTELS, INC., SERVED WITH SUMMONS AND COMPLAINT**

     COMES NOW Plaintiff, AHYAUNA JACKSON, as the Personal Representative of the

Estate of ALPHA O. JACKSON, deceased, and on behalf of the survivors of ALPHA O.

JACKSON, by and through her undersigned counsel, and pursuant to *O.C.G.A. § 9-11-34*, submits

herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response

within forty-five (45) days after service hereof, in the form provided by law, the following request

for production of documents.

*Definitions:*

A.    *In responding to this Request for Production, you shall furnish all such information as is*
    *available or known to you and all your servants, employees, representatives, agents,*
    *including attorneys. Should you claim privilege, set forth in detail in your responses hereto*
    *the grounds for such claim, and the general nature of the information as to which you claim*
    *a privilege. "YOU" and/or "DEFENDANT" or "OYO HOTELS, INC." may be used to*
    *refer to Defendant, OYO HOTELS, INC., and its limited partners, its general partners, its*
    *subsidiaries, servants, employees, agents, representatives, attorneys, successors, or*
    *predecessors in interest.*

B.      The term "date of this incident" or "subject incident" may be used to refer to October 28, 2021, the date on which the incident giving rise to the allegations of the Complaint occurred at the time and place described in the Complaint. The "Premises" refers to the incident location in the Complaint.

C.      As used herein, the term "DESCRIBE" means comprehensive, full, fair, frank, complete, accurate, and detailed descriptions of the matter inquired of.

D.      As used herein, the term "DOCUMENTS" mean all manner of written, typewritten, printed or recorded material whatsoever, including any graphic mechanical or oral records or recordings of any kind, correspondence, letters telegrams, memoranda, records of meetings or conferences, contracts, agreements, reports, checks, statements, receipts, returns, summaries, tickets, drafts, interoffice and intra office communications, offers, notations of conversation, records of telephone calls or meetings, printed matter, computer print-outs, teletypes, telefax, invoices, pictures, blueprints, schematics, tape recordings, transcriptions of records, video recordings, logbooks, business records and all drafts, alterations, modifications, changes and amendments of any of the foregoing, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.

E.      Throughout this Request for Production, whenever there is a request to identify or state the identity of a document, provide as to such document the following information:

    1.      The date of its preparation;

    2.      The name, title, and address of each author and signatory;

    3.      The name, title, and address of each addressee and each other person receiving a copy thereof;

    4.      Its present custodian and location; and

    5.      Its title and/or all identifying or categorizing designations.

F.      Whenever in the Request for Production there is as request to identify or provide or state the identity of a person, provide as to each such person the following information:

    1.      His or her name;

    2.      His or her present or last known address;

    3.      His or her present business address or business telephone, name of employer, and job title; and

    4.      His or her status or relationship with each of the parties to this action.

2

G.   *Identify each person other than the signatory to the responses to the Request for Production who has been consulted in connection with, or who has provided information or assistance concerning the response to any request and provide separately, by request number, the position or job title, together with a description of the nature of the consultation, or of the assistance or information provided.*

H.   *In the event you withhold from identification any document as privileged, you are requested to provide a list of the documents withheld and state the following information with respect to each document withheld:*

1.   *The date appearing on the documents, and if it has no date, the date, or approximate date, on which it was prepared;*

2.   *The title, label code number, or file number of the document;*

3.   *The name and current address of the person[s] who signed the document and, if it was not signed, the name and current address of the person[s] who prepared it;*

4.   *The name and current address of the person[s] to whom the document was directed and the person[s] to whom a copy of the document was directed;*

5.   *A general description of subject matters[s] to which the document relates;*

6.   *The name and current address of the person[s] present possession, custody, or control of the document; and*

7.   *The grounds on which the document has been withheld.*

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

## **DOCUMENTS REQUESTED**

1.      Please produce all investigation reports conducted by Defendants as it relates to the death of ALPHA O. JACKSON.

2.      Produce a complete copy of any and all policies of insurance that may cover You for the allegations set forth in the Plaintiff's Complaint, including any and all primary, excess, and umbrella insurance policies.

3.      Produce any and all title documents, lease documents, corporate agreements, organizational charts, or any other documentation that shows and/or substantiates ownership of the Premises, the parties to that ownership, and the percentages of ownership, if applicable.

4.      Produce copies of any agreements to indemnify, defend, or hold harmless between You and any party for liability arising from the events that are the subject of this action.

5.      Produce all documents pertaining to You and any other entity, including, but not limited to, OYO HOTELS, INC., that performed any security services, management of the Premises, or other related work on the Premises for the five (5) years preceding this incident and including October 28, 2021.  This request includes, for instance, contracts/agreements regarding services, materials regarding any such agent that performed services, any documents that include instructions or descriptions of the services to be performed or that were performed, any documents that pertain to or refer to any recommendations made by any such individual or entity or issues encountered in performing such services, and any documents pertaining to the training such personnel had in providing security services, crime prevention, and security management.

6.      Produce all security audits, evaluations, and security/threat vulnerability assessments of the Premises, its parking lots, and surrounding areas, conducted by You or any other entity, including, but not limited to, OYO HOTELS, INC., conducted within the five (5) years preceding this incident and including October 28, 2021.

7.      Produce all documents that pertain or refer to assessments of the nature, sufficiency, or adequacy of the security of the Premises, its parking lots, and surrounding areas conducted within the five (5) years preceding this incident and including October 28, 2021, conducted by You or any other corporation, entity, or individual whether on Your behalf, or not, including, but not limited to, OYO HOTELS, INC. This request includes, for instance, any such assessment, materials that contain information regarding whether you ever sought to determine the security at the Premises was adequate and details all security plans and procedures that were in effect at the Premises, its parking lots, and surrounding areas on October 28, 2021.

4

8.      Produce all complaints, comments, feedback, logs, memos, or reports, whether received online, in person, or via any form of oral or written communication (from anyone, including, but not limited to, tenants, visitors, invitees, guests, members of the public, etc.), of which You have become aware regarding safety, criminal conduct, gang conduct, violence, assaults, batteries, stabbings, shootings, rapes, killings, or any other crime at any time in the five (5) years preceding and including October 28, 2021.

9.      Produce a copy of all recordings from every video camera upon the Premises, which shows any footage of the Premises and its surrounding areas during the 24 hours before and the 12 hours after the time of the subject October 28, 2021.  This request does not include recordings from cameras that may have been placed within individual tenant or resident units.

10.     Produce copies of any and all correspondence, memos, written notes, and email messages exchanged between You and any other entity with operational, ownership, or management duties for the Premises relating to any aspect of security at the Premises, including, but not limited to, discussions regarding security personnel needs, security equipment needs, security access needs, security problems, incidents of criminal activity on the property, discussions of security costs (projected, requested or actual) at any time in the five (5) years preceding and including October 28, 2021.

11.     Produce all documents, incident reports, etc., for incidents occurring on the subject property related to gang conduct, violence, assaults, batteries, stabbings, shootings, rapes, killings, or any other crimes at any time in the five (5) years preceding and including October 28, 2021.

12.     Produce all documents (i.e., correspondence, memos, written notes, e-mails, text messages, etc.) between You or any related or affiliated entity, including, but not limited to, OYO HOTELS, INC., and any city and county agency (including police department(s)) regarding safety, security, or policing at the subject property for the five (5) year period preceding and including the incident giving rise to the Complaint.

13.     Produce copies of all warning letters or notices, security related instructions and signage, bulletins, memorandums, mailings, and flyers, sent or delivered to tenants, or placed within the common areas of the Premises, regarding any crimes upon the Premises or in the immediate surrounding area at any time in the five (5) years preceding and including October 28, 2021.

14.     Provide a legible copy of all training manuals, safety manuals, operations manuals, rules and regulations manuals, security manuals, security procedures, security protocols, and post orders used by You, or any related company or entity on Your behalf, including, but not limited to, OYO HOTELS, INC., to hire, train, retain, and supervise any employees working at the Premises, which were in effect on the date of the subject incident.

15.     Produce any reports, recommendations, or evaluations concerning safety and security upon the Premises developed from any public or private security audits.

16.     Produce all documents, including, but not limited to, incident reports, police records, complaints, feedback, notes, memoranda, e-mails, text messages and text correspondence, which pertain or refer to—in any way—all incidents between October 28, 2016, and October 28, 2021, where a tenant, invitee, guest, or member of the public, was robbed, mugged, stabbed, raped, shot, shot at, injured by another person, threatened with violence, battered, or otherwise assaulted on the Premises, its parking lots, or surrounding areas.

17.     Produce all police reports, crime grid printouts, lists of "calls for service" for the area inclusive of the Premises, its parking lots, or surrounding areas obtained by You or any other related corporation, entity or individual on Your behalf, including, but not limited to, OYO HOTELS, INC., between October 28, 2016, and October 28, 2021.

18.     Produce any requests made by You, or on Your behalf, for more security, more security personnel, more effective security measures, or other requests for improved security upon the Premises for the five (5) year period preceding and including the incident giving rise to the Complaint.

19.     Produce any complaints made by You or on Your behalf to any private or public entity regarding the adequacy, inadequacy, improvement, insufficiency, or need for additional security or policing services at the subject property for the five (5) year period preceding and including the incident giving rise to the Complaint.

20.     If You contend that budgetary/financial considerations were a factor for not hiring private security guards or off-duty police to patrol the Premises, provide a legible copy of all Income and Expense Statements and Cost Comparison Cash Flows and/or Budget vs. Actual Expense Reports for the five (5) years preceding and including October 28, 2021.

21.     Produce the personnel and employment file, including, but not limited to, employment application documents, background checks, training information, and all prior complaints/incident reports for each individual who had any managerial or security-related responsibilities at the Premises or surrounding areas, at any time within the five (5) years preceding this incident and October 28, 2021.  This request refers to any such individual's job description and applicable work rules, policies, procedures, and responsibilities.

22.     Produce all timecards for all employees working at the Premises on October 28, 2021.

23.     Produce all timecards for all security personnel working at the Premises on October 28, 2021.

24.     Produce the personnel and employment file for everyone who was present on the Premises, or who was working for You in the immediate surrounding areas in connection with the Premises on October 28, 2021.  This request refers to any such individual's job description and applicable work rules, policies, procedures, and responsibilities.

25.     Produce copies of all governmental, state, federal, city warnings related to the subject property between October 28, 2016, and October 28, 2021.

26.     Produce all photographs taken on the day of the subject incident, or thereafter, of the decedent, the scene where he/she was murdered, and anything as it concerns this incident. Produce all photographs in color if such format exists.

27.     Produce all documents and maintenance records, reports, work orders, invoices for any and all work at the subject property including, but not limited to, its parking lots, gates, fences, security guard gate booths, cameras, lighting, guard gate operators, entranceways/exist ways, between October 28, 2016, and October 28, 2021.

28.     Produce all documents relating to, discussing, or otherwise addressing the use of a guard gate at the Premises between October 28, 2016, and October 28, 2021.

29.     Produce all photographs of any guard gate that was ever used at the Premises between October 28, 2016, and October 28, 2021.  Produce all photographs in color if such format exists.

30.     Produce all documents, relating to, discussing, or addressing any fence or gate on the Premises between October 28, 2016, and October 28, 2021.

31.     Produce all photographs depicting the fence or gate surrounding the Premises between October 28, 2016, and October 28, 2021.  Produce all photographs in color if such format exists.

32.     Produce all photographs that depict any portion of the Premises on October 28, 2021. Produce all photographs in color if such format exists.

33.     Produce all documents, statements, recordings, etc., pertaining to any and every witness statement(s) regarding the incident that occurred on October 28, 2021.

34.     Produce all documents reflecting any improvements or requested improvements to the property since October 28, 2021, including, but not limited to, lighting, fencing, guard posts, gates, security personnel, off duty police patrol, cameras, vehicle patrols, and any other improvement to the security at the Premises.

Respectfully submitted,


/s/ LOUIS J. BAPTISTE
LOUIS J. BAPTISTE, ESQUIRE
Georgia Bar No. 408286
Primary E-mail: lb@websterandbaptiste.com
Secondary E-mail: jw@websterandbaptiste.com
WEBSTER + BAPTISTE
  ATTORNEYS AT LAW, PLLC
1785 Thomasville Road
Tallahassee, FL  32303
T: (850) 597-7142
F: (850) 848-4655
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of April, 2022, a true and correct copy of the foregoing has been filed with the Odyssey eFileGA Portal and will be served upon the Defendant, OYO HOTELS, INC., along with the Summons and Complaint.


/s/ LOUIS J. BAPTISTE
ATTORNEY

8

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0624
4/28/2022 4:52 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

IN THE SUPERIOR COURT OF LOWNDES COUNTY
IN AND FOR THE STATE OF GEORGIA

AHYAUNA JACKSON, as the Personal
Representative of the Estate of ALPHA O.
JACKSON deceased, and on behalf of the
survivors of ALPHA O. JACKSON,

     Plaintiff,

vs.                             CASE NO.: 2022CV0624

OYO HOTELS, INC., and JAI SITARAM, LLC,

     Defendants.

_____/

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, OYO
HOTELS, INC., SERVED WITH SUMMONS AND COMPLAINT**

COMES NOW Plaintiff, AHYAUNA JACKSON, as the Personal Representative of the

Estate of ALPHA O. JACKSON, deceased, and on behalf of the survivors of ALPHA O.

JACKSON, by and through her undersigned counsel, and pursuant to *O.C.G.A. § § 9-11-33* and *9-

11-34*, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your")

for response within forty-five (45) days after service hereof, in the form provided by law, the

following Interrogatories and Request for Production of Documents.

You are required, when answering these Interrogatories, to furnish all information that is

available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete

answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to

the fullest extent possible.

These Interrogatories are deemed to be continuing and you are required to provide, by way

of supplementary answers to these Interrogatories, such additional information as may be obtained

hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information

will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein. The following definitions and instructions are applicable to each interrogatory unless negated by the context:

*Definitions:*

A.    *In answering these Interrogatories, you shall furnish all such information as is available or known to you and all your servants, employees, representative, agents, including attorneys. Should you claim privilege, set forth in detail in your answers hereto the grounds for such claim, and the general nature of the information as to which you claim a privilege. "YOU" and/or "DEFENDANT" or "OYO HOTELS, INC." may be used to refer to Defendant, OYO HOTELS, INC., and its limited partners, its general partners, its subsidiaries, servants, employees, agents, representatives, attorneys, successors, or predecessors in interest.*

B.    *The term "date of this incident" or "subject incident" may be used to refer to October 28, 2021, the date on which the incident giving rise to the allegations of the Complaint occurred at the time and place described in the Complaint. The "Premises" refers to the incident location in the Complaint.*

C.    *As used herein, the term "DESCRIBE" means comprehensive, full, fair, frank, complete, accurate, and detailed descriptions of the matter inquired of.*

D.    *As used herein, the term "DOCUMENTS" means all manner of written typewritten, printed or recorded material whatsoever, including any graphic mechanical or oral records or recordings of any kind, correspondence, letters telegrams, memoranda, records of meetings or conferences, contracts, agreements, reports, checks, statements, receipts, returns, summaries, tickets, drafts, interoffice and intra office communications, offers, notations of conversation, records of telephone calls or meetings, printed matter, computer print-outs, teletypes, telefax, invoices, pictures, blueprints, schematics, tape recordings, transcriptions of records, video recordings, logbooks, business records and all drafts, alterations, modifications, changes and amendments of any of the foregoing, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.*

E.   Throughout these Interrogatories, whenever there is a request to identify or state the identity of a document, provide as to such document the following information:

    1.   The date of its preparation;

    2.   The name, title, and address of each author and signatory;

    3.   The name, title, and address of each addressee and each other person receiving a copy thereof;

    4.   Its present custodian and location; and

    5.   Its title and/or all identifying or categorizing designations.

F.   Whenever in the Interrogatories there is as request to identify or provide or state the identity of a person, provide as to each such person the following information:

    1.   His or her name;

    2.   His or her present or last known address;

    3.   His or her present business address or business telephone, name of employer, and job title; and

    4.   His or her status or relationship with each of the parties to this action.

G.   Identify each person other than the signatory to the answers to these Interrogatories who has been consulted in connection with, or who has provided information or assistance concerning the answer to any interrogatory and provide separately, by interrogatory number, the position or job title, together with a description of the nature of the consultation, or of the assistance or information provided.

H.   In the event you withhold from identification any document as privileged, you are requested to provide a list of the documents withheld and state the following information with respect to each document withheld:

    1.   The date appearing on the documents, and if it has no date, the date, or approximate date, on which it was prepared;

    2.   The title, label code number, or file number of the document;

    3.   The name and current address of the person[s] who signed the document and, if it was not signed, the name and current address of the person[s] who prepared it;

    4.   The name and current address of the person[s] to whom the document was directed and the person[s] to whom a copy of the document was directed;

5.      *A general description of subject matters[s] to which the document relates;*

6.      *The name and current address of the person[s] present possession, custody, or control of the document; and*

7.      *The grounds on which the document has been withheld.*

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

## INTERROGATORIES

1.    Please identify the person answering these Interrogatories, giving your full name, date of birth, residence address, business address and occupation, and if the Defendant is a corporation, please state the office you hold with the Defendant.

   **ANSWER:**

2.    State the name and address of any person, including any party, who to your knowledge, information or belief:
   a.   Was an eyewitness to the incident underlying this litigation;
   b.   Has some knowledge of any fact or circumstance upon which your defense is based; or
   c.   Has conducted any investigation relating to the incident underlying this litigation or the background, employment, medical history, or activities of the Plaintiff.
   d.   The names, addresses, and job titles of all employees who were working on the Premises at the time of the alleged occurrence.
   e.   The name and address of the person who reported the incident.
   f.   The name, address, and job title of the person or persons responsible for ensuring the safety of the area in which ALPHA O. JACKSON died.

   **ANSWER:**

3.    Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

   **ANSWER:**

4.    Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.  This request includes any and all primary, excess, and umbrella policies.

   **ANSWER:**

5.    Please describe where every video camera was located on the Premises between October 28, 2020, and October 28, 2021, including the dates when each camera was installed.

**ANSWER:**

6.    Please list the names, addresses, job titles, and telephone numbers of every security guard, security personnel, security guard company, or off-duty police officer, which provided any form of security services at the Premises between October 28, 2016, and October 28, 2021, including the timeframe that each security personnel or off-duty officer provided such security services.

**ANSWER:**

7.    Please explain the nature, result, and date of every security survey, report, analysis, or security assessment of the Premises (assessment of the nature, sufficiency, or adequacy of the security of the Premises, its parking lots, and surrounding areas, etc.) that was performed by you, any security company, local law enforcement agency, or security professional performed between October 28, 2016, and October 28, 2021, including the names of the companies that performed such assessments.

**ANSWER:**

8.    State the name, last known address, employer, and job title of all on site managers and assistant managers who worked upon the Premises between October 28, 2016, and October 28, 2021. For any persons no longer working for you or the management entity, please provide the last known address.

**ANSWER:**

9.    State the name, last known address, employer, and job title of any area or regional managers who had any supervisory responsibilities over any person listed in response to Interrogatory 6, as of October 28, 2021.

**ANSWER:**

10.     Please explain in detail each crime (for example, drug dealing, trespassing, shootings, batteries, assaults, rapes, stabbings, in other words, every single crime, whether misdemeanor or felony) including the circumstances surrounding same, which occurred on the Premises between October 28, 2016, and October 28, 2021.

**ANSWER:**


11.     State the name, address, and telephone number of every person known by you who may have any knowledge as to the incident, which is the subject of the Complaint.

**ANSWER:**


12.     Please state whether you or any affiliate, subsidiary, or umbrella corporation has ever been a defendant in a negligence lawsuit, or had a claim made against you or any affiliate, involving an alleged crime against person(s), other than the present matter, in the five years preceding the subject incident, and, if so, state the nature of the action, whether a lawsuit was filed, the date and court in which such was filed, and the resolution of any such claims.

**ANSWER:**


13.     Please state the number of units upon the Premises as of the date of the incident described in the Complaint, and the number of units that were vacant at that time.

**ANSWER:**


14.     Please state the names of all persons who had the authority, as of the date of the incident described in the Complaint, to hire security personnel upon the Premises.

**ANSWER:**


15.     Please explain any improvement related to security that you have made to the Premises since October 28, 2021.

**ANSWER:**

16.     If you contend that ALPHA O. JACKSON was in any way responsible for his own death, please state the factual basis for that assertion, and the facts known to you which support it.

        **ANSWER:**


17.     Identify the individual with the most knowledge of your policies and procedures that were in place on October 28, 2021, regarding security on the property.

        **ANSWER:**


18.     Identify the individual with the most knowledge of your policies and procedures that were in place on October 28, 2021, regarding the safety of tenants, invitees, and guests.

        **ANSWER:**


19.     Please describe every correspondence or communication, whether received from a third party, employee, tenant, or any other person or entity, between October 28, 2016, and October 28, 2021, describing, mentioning, or discussing where a tenant, invitee, or member of the public was robbed, mugged, stabbed, raped, shot, shot at, injured by another person, battered, beat-up, threatened with violence, or otherwise assaulted on the Premises, its parking lots, or surrounding areas.

        **ANSWER:**


20.     Please describe every single complaint, feedback, suggestion, etc. (whether written or oral, received online or in-person) of which you or a related entity operating on your behalf have ever become aware of relating to the inadequacy, improvement, insufficiency, or need for security, additional security, improved lighting, cameras, or policing services at the Premises, its parking lots, or surrounding areas, between October 28, 2016, and October 28, 2021.

        **ANSWER:**

21.     Please list the names, address, job titles, and telephone numbers of all persons who have ever been tasked, within the last ten (10) years, with either manning or sitting inside the security guard gate booth located at the entrance of the Premises, including the timeframe during which each person was so tasked.

      **ANSWER:**

22.     Please explain during which timeframe between October 28, 2016, and October 28, 2021, when you had a functioning barrier guard gate (for example, a "boom barrier" or "barrier arm") at the Premises.

      **ANSWER:**

## **VERIFICATION**

OYO HOTELS, INC.

By: _____

Its: _____

STATE OF GEORGIA    )
            ) SS:
COUNTY OF      )

   BEFORE ME, the undersigned authority, personally appeared _____

_____, who after first being duly sworn acknowledged that the afore-

mentioned answers are true and correct.

   WITNESS my hand and official seal in the State and County last aforesaid this _____ day

of 2022.

            _____

            NOTARY PUBLIC – STATE OF GEORGIA

(SEAL)

            _____

            Type, Print, or Stamp Name of Notary Public

10

Respectfully submitted,

/s/ LOUIS J. BAPTISTE
LOUIS J. BAPTISTE, ESQUIRE
Georgia Bar No. 408286
Primary E-mail: lb@websterandbaptiste.com
Secondary E-mail: jw@websterandbaptiste.com
WEBSTER + BAPTISTE
   ATTORNEYS AT LAW, PLLC
1785 Thomasville Road
Tallahassee, FL  32303
T: (850) 597-7142
F: (850) 765-2717
ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of April, 2022, a true and correct copy of the foregoing has been filed with the Odyssey eFileGA Portal and will be served upon the Defendant, OYO HOTELS, INC., along with the Summons and Complaint.

/s/ LOUIS J. BAPTISTE
ATTORNEY

11

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0624
4/28/2022 4:52 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

IN THE SUPERIOR COURT OF LOWNDES COUNTY
IN AND FOR THE STATE OF GEORGIA

AHYAUNA JACKSON, as the Personal
Representative of the Estate of ALPHA O.
JACKSON deceased, and on behalf of the
survivors of ALPHA O. JACKSON,

     Plaintiff,

vs.                                                           CASE NO.: 2022CV0624

OYO HOTELS, INC., and JAI SITARAM, LLC,

     Defendants.

_____/

**PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT,**
**OYO HOTELS, INC., SERVED WITH SUMMONS AND COMPLAINT**

COMES NOW Plaintiff, AHYAUNA JACKSON, as the Personal Representative of the

Estate of ALPHA O. JACKSON, deceased, hereby requests that each Defendant admit for the

purpose of this action the truth of the following facts within forty-five (45) days after the date of

service hereof and in conformity with *O.C.G.A. § 9-11-36*. If any request cannot be truthfully

admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the

matter. If you cannot admit or deny the request in its entirety, please specify that part which you

cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any

claim of privilege in response to any or all of these requests, set forth with respect to each such

request(s) as to which a claim of privilege is asserted, the nature of the privilege claimed (e.g.,

attorney-client, work-product, etc.) and the basis for your claim.  Please admit or deny:

1.     On October 28, 2021, ALPHA O. JACKSON was killed at The Oyo Hotel located
at 1075 Lakes Boulevard, Lake Park, GA 31636 (hereinafter referred to as the
"Premises").

2.     Defendant does not possess any information that would suggest ALPHA O.
JACKSON was trespassing on October 28, 2021.

3.      On October 28, 2021, you owned the property located at 1075 Lakes Boulevard, Lake Park, GA 31636.

4.      Please admit that ALPHA O. JACKSON died as a result of being shot on the subject Premises.

5.      Please admit that you or your employees met with the police sometime in the years prior to the assault on ALPHA O. JACKSON.

6.      Please admit that you had the duty to provide adequate security to those lawfully on the Premises on the date of the subject incident.

7.      Within the five (5) years before October 28, 2021, you never performed a security assessment of the Premises.

8.      Within the five (5) years before October 28, 2021, you were aware of numerous violent crimes which occurred on the Premises.

9.      Within the five (5) years before October 28, 2021, you had the means to install, or have installed, a functioning barrier gate operator at the entrance of the Premises.

10.     Within the five (5) years before October 28, 2021, you <u>never</u> had a gate or "boom" operator located at the entrance of the Premises.

11.     On October 28, 2021, you did not have a functioning barrier gate operator at the entrance of the Premises.

12.     You had financial means to install, or have installed, a gate, bollard, or boom at or near the entrance of the Premises at any point between October 28, 2016, and October 28, 2021.

13.     On October 28, 2021, there was not a security guard gate booth located at the entrance of the Premises.

14.     On October 28, 2021, you did not task any security guard or security personnel to <u>perform constant patrols on</u> The Premises.

15.     Within the five (5) years before October 28, 2021, burglaries occurred on the Premises.

16.     Within the five (5) years before October 28, 2021, more than one shooting occurred on the Premises.

17.     Within the five (5) years before October 28, 2021, robberies occurred on the Premises.

18.     Within the five (5) years before October 28, 2021, batteries occurred on the Premises.

19.     On October 28, 2021, you did not task any security guard(s) or any security guard company with patrolling the Premises.

20.     In the five (5) years before and including October 28, 2021, you never hired off-duty police officers to patrol the Premises.

21.     In the five (5) years before October 28, 2021, you never hired security guards to patrol the Premises.

22.     In the five (5) years before October 28, 2021, you were notified by either tenants, guests, or members of the public about crimes occurring on the Premises.

Respectfully submitted,

/s/ LOUIS J. BAPTISTE
LOUIS J. BAPTISTE, ESQUIRE
Georgia Bar No. 408286
Primary E-mail: lb@websterandbaptiste.com
Secondary E-mail: jw@websterandbaptiste.com
WEBSTER + BAPTISTE
  ATTORNEYS AT LAW, PLLC
1785 Thomasville Road
Tallahassee, FL  32303
T: (850) 597-7142
F: (850) 848-4655
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of April 2022, a true and correct copy of the foregoing has been filed with the Odyssey eFileGA Portal and will be served upon the Defendant, OYO HOTELS, INC., along with the Summons and Complaint.

/s/ LOUIS J. BAPTISTE
ATTORNEY

3

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0624
5/20/2022 11:23 AM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Laura Gallegos

IN THE SUPERIOR COURT OF LOWNDES COUNTY
IN AND FOR THE STATE OF GEORGIA

AHYAUNA JACKSON, as the Personal
Representative of the Estate of ALPHA O.
JACKSON, deceased, and on behalf of the
survivors of ALPHA O. JACKSON,

    Plaintiff,

vs.                          CASE NO.:   2022CV0624

OYO HOTELS, INC., and JAI SITARAM, LLC,

    Defendants.

_____/

### NOTICE OF FILING PROOF OF SERVICE

    Plaintiff, AHYAUNA JACKSON, as the Personal Representative of the Estate of ALPHA

O. JACKSON, deceased, and on behalf of the survivors of ALPHA O. JACKSON, by and through

undersigned counsel, hereby gives notice of filing the Return of Service on Defendant, OYO

HOTELS, INC., indicating service was perfected on May 5, 2022.

                Respectfully submitted,

                /s/ LOUIS J. BAPTISTE
                LOUIS J. BAPTISTE, ESQUIRE
                Georgia Bar No. 408286
                Primary E-mail: lb@websterandbaptiste.com
                Secondary E-mail: jw@websterandbaptiste.com
                WEBSTER + BAPTISTE
                  ATTORNEYS AT LAW, PLLC
                1785 Thomasville Road
                Tallahassee, FL  32303
                T: (850) 597-7142
                F: (850) 848-4655
                ATTORNEY FOR PLAINTIFF

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-filed with the Odyssey eFileGA Portal this 20th day of May, 2022.


/s/ LOUIS J. BAPTISTE
ATTORNEY

# IN THE SUPERIOR COURT OF LOWNDES COUNTY
# IN AND FOR THE STATE OF GEORGIA

**AHYAUNA JACKSON, as the Personal Representative of the Estate of ALPHA O. JACKSON deceased, and on behalf of the survivors of ALPHA O. JACKSON**

*Plaintiff(s) / Petitioner(s)*

Case No.: 2022CV0624

v.

**OYO HOTELS, INC., and JAI SITARAM, LLC**

*Defendant(s) / Respondent(s)*

## AFFIDAVIT OF SERVICE

I, Jessica Warner, being duly sworn, state:

I am 18 years or older and not a party to this action.

I received the following documents on May 2, 2022 at 2:42 pm. I served these documents with my initials, identification number, and the date and hour of service endorsed thereon on OYO Hotels, Inc. in Gwinnett County, GA on May 5, 2022 at 12:47 pm at 289 South Culver Street, Lawrenceville, GA 30046-4805 by leaving the following documents with Wolters Kluwer who as Intake Specialist at CT Corporation System is authorized by appointment or by law to receive service of process for OYO Hotels, Inc..

Summons; Plantiff's Complaint and Demand for Jury Trial; Plaintiff's First Set of Interrogatories to Defendant, OYO Hotels, Inc., Served with Summons and Complaint; Plaintiff's Request for Admissions to Defendant, OYO Hotels, Inc., Served with Summons and Complaint; Plaintiff's Request for Production to Defendant, OYO Hotels, Inc., Served with Summons and Complaint

Additional Descriptions
CORPORATE SERVICE: I served and explained the contents to an employee of the registered agent company pursuant to F.S. 48.081(3)(a)

White Female, est. age 73, glasses: Y, Gray hair, Unknown, 4' 9" to 5'.
Geolocation of Serve: http://maps.google.com/maps?q=33.9662533333,-84.0062683333

Signature
Jessica Warner
(678) 760-4231
302 Club Lakes Parkway, Lawrenceville, GA 30044

LOWNDES COUNTY, GEO
Lowndes County - Superior Cou
2022CV0624
4/28/2022 4:52 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

## IN THE SUPERIOR COURT OF LOWNDES COUNTY
## IN AND FOR THE STATE OF GEORGIA

AHYAUNA JACKSON, as the Personal
Representative of the Estate of ALPHA O.
JACKSON deceased, and on behalf of the
survivors of ALPHA O. JACKSON,

      Plaintiff,

vs.

CASE NO.: **2022CV0624**

OYO HOTELS, INC., and JAI SITARAM, LLC,

      Defendants.

_____/

## SUMMONS

THE STATE OF GEORGIA

TO EACH SHERIFF OF THE STATE:

You are commanded to serve this Summons and a copy of Plaintiff's Complaint and Demand for Jury Trial in this lawsuit on the below-named Defendant.

    OYO HOTELS INC.
    CT CORPORATION SYSTEM
    289 SOUTH CULVER STREET
    LAWRENCEVILLE, GEORGIA 30046-4805

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of the Superior Court, located at Lowndes County Superior Court, 327 North Ashley Street, 1st Floor, Valdosta GA 31601. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.

If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at: Louis J. Baptiste, Esquire, Webster + Baptiste Attorneys at Law, PLLC, 1785 Thomasville Road, Tallahassee, FL 32303.

Copies of all court documents in this case, including orders, are available at the Clerk of the Superior Court's office. You may review these documents, upon request. You must keep the Clerk of the Superior Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the Clerk's office.

DATED this ___29th___ day of April 2022.

> BETH GREENE
> CLERK OF THE SUPERIOR COURT

By: ___/s/ Michael Hebert___

> Deputy Clerk

LOWNDES COUNTY. GEOR~
Lowndes County - Superior Court
2022CV0624
4/28/2022 4:52 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

## IN THE SUPERIOR COURT OF LOWNDES COUNTY
## IN AND FOR THE STATE OF GEORGIA

AHYAUNA JACKSON, as the Personal
Representative of the Estate of ALPHA O
JACKSON deceased, and on behalf of the
survivors of ALPHA O. JACKSON,

     Plaintiff,

vs.

                                  CASE NO : 2022CV0624

OYO HOTELS, INC., and JAI SITARAM, LLC,

     Defendants.

_____/

## **SUMMONS**

THE STATE OF GEORGIA

TO EACH SHERIFF OF THE STATE:

    You are commanded to serve this Summons and a copy of Plaintiff's Complaint and Demand for Jury Trial in this lawsuit on the below-named Defendant.

OYO HOTELS INC.
CT CORPORATION SYSTEM
289 SOUTH CULVER STREET
LAWRENCEVILLE, GEORGIA 30046-4805

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of the Superior Court, located at Lowndes County Superior Court, 327 North Ashley Street, 1st Floor, Valdosta GA 31601. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.

    If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

Subscribed and sworn to before me this 16 day of MAY.

2022, by Jessica Warner

Witness my hand and official seal.

My commission expires: 02/06/2026

Notary Public

LUIS MEDINA
NOTARY
EXPIRES
GEORGIA
02-06-2026
PUBLIC
HENRY COUNTY

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0624
5/24/2022 12:06 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Laura Gallegos

IN THE SUPERIOR COURT OF LOWNDES COUNTY
IN AND FOR THE STATE OF GEORGIA

AHYAUNA JACKSON, as the Personal
Representative of the Estate of ALPHA O.
JACKSON, deceased, and on behalf of the
survivors of ALPHA O. JACKSON,

     Plaintiff,

vs.                                          CASE NO.:   2022CV0624

OYO HOTELS, INC., and JAI SITARAM, LLC,

     Defendants.

_____/

## <u>MOTION FOR APPOINTMENT OF PROCESS SERVER</u>

**COMES NOW** the Plaintiff, AHYAUNA JACKSON, as the Personal Representative of the Estate of ALPHA O. JACKSON, deceased, and on behalf of the survivors of ALPHA O. JACKSON, by and through undersigned counsel, and files this Motion for Appointment of Process Server, and as grounds therefore, would state:

1.     The Plaintiff desires to avoid any unnecessary delays in the service of process and believes that the appointment of Magellan Investigations as a professional private process server, will save time and effort in effecting the service of such process.

2.     Magellan Investigations is an experienced professional process server and meets all the requirements for appointment by this Court and is a wholly disinterested party.

**WHEREFORE,** the Plaintiff prays as follows:

For the appointment of Magellan Investigations as an Appointed Private Process Server to serve any and all process in the above-entitled case pursuant to O.C.G.A. § 9-11-4 (C)

DATED this 24th day of May, 2022.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ LOUIS J. BAPTISTE

LOUIS J. BAPTISTE, ESQUIRE
Georgia Bar No. 408286
Primary E-mail: lb@websterandbaptiste.com
Secondary E-mail: jw@websterandbaptiste.com
WEBSTER + BAPTISTE
   ATTORNEYS AT LAW, PLLC
1785 Thomasville Road
Tallahassee, FL  32303
T: (850) 597-7142
F: (850) 848-4655
ATTORNEY FOR PLAINTIFF

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-filed with the Odyssey eFileGA Portal this 24th day of May, 2022.

<div style="margin-left: 40%;">

/s/ LOUIS J. BAPTISTE

ATTORNEY

</div>

2

IN THE SUPERIOR COURT OF LOWNDES COUNTY
IN AND FOR THE STATE OF GEORGIA

AHYAUNA JACKSON, as the Personal
Representative of the Estate of ALPHA O.
JACKSON, deceased, and on behalf of the
survivors of ALPHA O. JACKSON,

      Plaintiff,

vs.                                                                          CASE NO.:   2022CV0624

OYO HOTELS, INC., and JAI SITARAM, LLC,

      Defendants.

_____/

## <u>ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER</u>

Plaintiff's *Motion for Appointment of Private Process Server* having been read and considered, and it appearing to the Court that sufficient grounds exist for the granting thereof pursuant to O.C.G.A. § 9-11-4 (C), it is HEREBY ORDERED that the Plaintiff is authorized to perfect service by a private process server who is hereby directed to personally serve a copy of the Plaintiff's *Summons* and *Complaint* on the Defendants and to make and file proof of service as required by law.

The individuals appointed are:

Magellan Investigations

and is hereby directed to make and file his or her *Affidavit of Service* as proof of service as required by law.

Dated this _____ day of _____ 2022.

_____

THE HONORABLE _____
LOWNDES COUNTY SUPERIOR COURT JUDGE

## IN THE SUPERIOR COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| AHAYAUNA JACKSON, as the Personal Representative of the Estate of ALPHA O. JACKSON deceased, and on behalf of the survivors of ALPHA O. JACKSON, | |
| Plaintiff, | Civil Action File No.: 2022CV0624 |
| v. | |
| OYO HOTELS, INC., and JAI SITARAM, LLC, | |
| Defendants. | |

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

Notice is hereby given that Defendant Oyo Hotels, Inc. ("OYO") has on this date removed the above-captioned action to the United States District Court for the Middle District of Georgia, Valdosta Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A copy of Oyo's Federal Notice of Removal is attached as Exhibit 1.

Respectfully submitted, this the 27th day of May, 2022.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: */s/ Joseph J. Angersola*
    Joseph J. Angersola
    Georgia Bar No. 890572
    Rachel Mathews
    Georgia Bar No. 537964
    *Attorneys for Defendant Oyo Hotels, Inc.*

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309-3238
404-874-8800(ph)
404-888-6199 (fax)
joseph.angersola@swiftcurrie.com
rachel.mathews@swiftcurrie.com

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I have this day electronically filed the foregoing **NOTICE OF FILING**

**NOTICE OF REMOVAL** with the Clerk of Court via the Court's electronic filing system and

electronically served a copy of same upon all parties of record as follows:

<div align="center">

Louis J. Baptiste
WEBSTER+BAPTISTE
ATTORNEYS AT LAW, PLLC
1785 Thomasville Road
Tallahassee, FL 32303
lb@websterandbaptiste.com
jw@websterandbaptiste.com
*Counsel for Plaintiff*

</div>

This 27th day of May 2022.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: *<u>/s/ Joseph J. Angersola</u>*
Joseph J. Angersola
Georgia Bar No. 890572
Rachel Mathews
Georgia Bar No. 537964
*Attorneys for Defendant Oyo Hotels, Inc.*

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309-3238
404-874-8800(ph)
404-888-6199 (fax)
joseph.angersola@swiftcurrie.com
rachel.mathews@swiftcurrie.com
4879-0303-4402, v. 1